**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

RANDALL E. LUCAS,

                                    Plaintiff,

   v.                                                                No. 03-CV-1296
                                                                                (FJS/DRH)

US BUREAU OF PRISONS; KATHLEEN H.
SAWYER, Director of BOP; M.E. RAY,
Northeast Regional Director; HENRY J.
SADOWSKI, Regional General Counsel;
M. NALLEY, Warden, F.C.I. Ray Brook; W.A.
SHERRED, Assistant Warden; CLAUDE
CHESTER, Warden of Operations; HEAD OF
SAFETY FINK, Head of Safety; CONNIE
COPELAND, Unit  Manager; J. HURLEY,
Case Manager; H. SMITH, Unit  Counselor;
CAPTAIN SEPANEC; C.O. LATULLUP,
Correctional Officer; and HARRELL WATTS,
Administrator, National Inmate Appeals,

                                    Defendants.

_____

**APPEARANCES:**                                    **OF COUNSEL:**

RANDALL E. LUCAS
Plaintiff Pro Se
No. 42015-061
Federal Correctional Institution
Post Office Box 1000
Milan, Michigan 48160

HON. GLENN T. SUDDABY                    CHARLES E. ROBERTS, ESQ.
United States Attorney for the                    Assistant United States Attorney
  Northern District of New York
100 South Clinton Street
Syracuse, New York 13261-7198

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER** [1]

Plaintiff pro se Randall E. Lucas ("Lucas"), an inmate in the custody of the United States Bureau of Prisons ("BOP"), brings this action under <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), alleging that defendants, thirteen BOP employees as well as the BOP, violated his constitutional rights under the Fifth[2] and Eighth Amendments. Am. Compl. (Docket No. 27).  Presently pending is defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56.  Docket No. 63. Lucas has failed to oppose the motion.   For the reasons which follow, it is recommended that defendants' motion be granted.

## I. Failure to Respond

Lucas did not oppose defendants' motion.  "The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be

_____

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

[2] Lucas contends that defendants' failure to enforce their smoking regulations constituted a violation of the Fifth Amendment's Due Process Clause.  <u>See</u> Am. Compl. at ¶ 63.  The Supreme Court has repeatedly held that where "a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims."  <u>Bryant v. City of New York</u>, 404 F.3d 128, 135 (2d Cir. 2005) (citation and internal quotation marks omitted).  The Eighth Amendment prohibits cruel and unusual punishment in conditions of confinement. <u>See</u> <u>Helling v. McKinney</u>, 509 U.S. 25, 31 (1993).  Therefore, because the core of Lucas' amended complaint is the assertion that defendants subjected him to cruel and unusual punishment, his claims are more properly addressed under the Eighth Amendment.  <u>See</u> <u>Colon v. Sawyer</u>, No. Civ. 03-1018 (LEK/DEP), 2007 WL 1988700, at *7 n.7 (N.D.N.Y. July 5, 2007); <u>see also</u> <u>Thomas v. N.Y. Dep't of Corr. Servs., Div. of Corr. Indus.</u>, No. Civ. 00-7163 (NRB), 2006 WL 435718, at *4 (S.D.N.Y. Feb. 23, 2006).

granted automatically." <u>Champion v. Artuz</u>, 76 F.3d 483, 486 (2d Cir. 1996).  Even in the

absence of a response, defendants are entitled to summary judgment only if the material

facts demonstrate their entitlement to judgment as a matter of law.  <u>Id.</u>; <u>see</u> <u>also</u> Fed. R.

Civ. P. 56(c).  Because Lucas has not responded to raise any question of material fact,

however, the facts as set forth in defendants' Rule 7.1 Statement of Facts (Docket No. 63)

are accepted as true.  <u>Adirondack Cycle & Marine, Inc. v. American Honda Motor Co.</u>, No.

Civ. 00-1619, 2002 WL 449757, at *1 (N.D.N.Y. Mar. 18, 2002) (McAvoy, J.) (citing <u>Lopez v.

Reynolds</u>, 998 F. Supp. 252, 256 (W.D.N.Y. 1997)).


## II. Defendants' Failure to give Notice

Where, as here, a party seeks summary judgment against a pro se litigant, the

Notice of Motion must explicitly advise the non-movant of his or her obligations under Fed.

R. Civ. P. 56.  <u>See</u> <u>Amaker v. Foley</u>, 274 F.3d 677, 679 (2d Cir. 2001); <u>Irby v. New York City

Transit Auth.</u>, 262 F.3d 412, 413-14 (2d Cir. 2001).  No such notice was given here by

defendants.  <u>See</u> Notice of Motion (Docket No. 63).  However, an order was filed and

served on March 13, 2007 extending Lucas' time to file a response to defendants' motion

and advising him of the consequences of his failure to respond.  Docket No. 69.  Thus,

notwithstanding defendants' omission, Lucas received the functional equivalent of the

notice required to be given to a pro se litigant.  Moreover, since the functional equivalent of

that notice is also being provided to Lucas in this report-recommendation and he is allowed

additional time to respond with objections, Lucas has received the notice required and

defendants' motion should be considered on its merits.

3

### III. Background

At all relevant times, Lucas was an inmate in the custody of Ray Brook Federal

Correctional Institution ("Ray Brook").  Lucas was housed at Ray Brook from April 11, 2002

through approximately December 5, 2003.  See Am. Compl. at ¶¶ 27, 61; Marini Aff.

(Docket No. 63) at ¶ 2.  Lucas contends that during his stay at Ray Brook, he was subjected

to environmental tobacco smoke (ETS or second-hand smoke) on a daily basis.  See id. at

¶ 34.  As a result, Lucas contends that he suffered asthma attacks on numerous occasions.

See id. at ¶¶ 28, 36-37, 39-40, 44-46, 49-50, 55-56.  This action followed.

### IV. Discussion

Lucas asserts two causes of action, alleging that defendants' failure to enforce their

smoking policy constituted cruel and unusual punishment in violation of the Fifth[3] and

Eighth Amendments.  Defendants seek summary judgment on all claims.

### A. Standard

A motion for summary judgment may be granted if there is no genuine issue as to

any material fact if supported by affidavits or other suitable evidence and the moving party

is entitled to judgment as a matter of law. The moving party has the burden to show the

absence of disputed material facts by informing the court of portions of pleadings,

depositions, and affidavits which support the motion. Fed. R. Civ. P. 56(c); Celotex Corp. v.

---

[3] As discussed supra, this claim is more properly addressed under the Eighth
Amendment.  See note 2 supra.

Catrett, 477 U.S. 317, 323 (1986).  Facts are material if they may affect the outcome of the case as determined by substantive law.  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party.  Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment.  Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223-24 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).  When, as here, a party seeks summary judgment against a pro se litigant, a court must afford the non-movant special solicitude.  Id.; see also Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006).  However, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.  Anderson, 477 U.S. at 247-48.

## B. Eight Amendment

_____For an inmate to demonstrate an Eighth Amendment violation for exposure ETS, a plaintiff must show that defendants "exposed him to levels of ETS that pose an unreasonable risk of serious damage to his future health."  Warren v. Keane, 196 F.3d 330,

5

332-33 (2d Cir. 1999) (quoting Helling v. McKinney, 509 U.S. 25, 35 (1993)).  The Supreme

Court has identified both objective and subjective elements:

> Objectively, a plaintiff must show that he himself is being exposed to
> unreasonably high levels of ETS.  The objective factor not only embraces the
> scientific and statistical inquiry into the harm caused by ETS, but also whether
> society considers the risk . . .  to be so grave that it violates contemporary
> standards of decency to expose anyone unwillingly to such a risk.
> Subjectively, the plaintiff must prove deliberate indifference, considering the
> officials' current attitudes and conduct and any policies that have been
> enacted.

Warren, 196 F.3d at 333 (citations and internal quotation marks omitted).

Here, it is undisputed that Lucas suffered from asthma well before entering Ray

Brook.  See Lucas Dep. (Docket No. 63, Ex. B) at 29-31; Docket No. 63, Ex. A (Relevant

Excerpts of Medical Records) at "Treatment for Asthma" section.  It is also undisputed that

Lucas has an extensive history of illegal drug use.[4]  See Lucas Dep. at 67-104; see also

Docket No. 63, Ex. A.  In response to Lucas' amended complaint, defendants have

submitted the affidavit of Dr. Dawn Marini, Clinical Director at Ray Brook.  See Marini Aff.

Dr. Marini concluded that:

> Based upon my review of the medical records, the lack of necessary testing,
> the diagnosis of seasonal allergies, and given [Lucas'] extensive history of
> exposure to potential triggers and substance abuse focused upon the
> respiratory system, I cannot state to a reasonable degree of medical certainty,
> what is the trigger or cause of his asthma, or what was the cause or
> aggravating factor of any particular asthma attack or symptom.  Based upon
> the foregoing, I do not believe that any responsible physician could render

_____

[4] During his deposition, Lucas stated that he "never smoked."  Lucas Dep. at 104.
However, Lucas' medical records demonstrate that he indicated to medical personnel that
he smoked two packs per day for approximately eighteen years.  See Docket No. 63, Ex.
A ("Smoking Section").  Further, it is undisputed that Lucas was, at one time or another, in
possession of both cigarettes and cigars.  See Lucas Dep. at 106-11; see also Docket No.
63, Ex. A ("Cigars").

such an opinion.  There are thousands of potential causes and triggers and aggravating factors.  Any diagnosis of a definitive trigger would be impossible, given the numerous serious and debilitating potential triggers discussed above, to which [Lucas] has been exposed for years.

Id. at ¶ 29; see also Docket No. 63, Ex. A.

Lucas has failed to offer any scientific or medical evidence that his asthma attacks were directly traceable to his alleged exposure to ETS while incarcerated at Ray Brook. See Brown v. City of New York, No. Civ. 95-3693 (JFK), 2001 WL 1111520, at *3 (S.D.N.Y. Sept. 21, 2001) ("Plaintiff has the burden of proving damages with reasonable certainty . . . and the damages may not be speculative but must be directly traceable to defendants' alleged wrongdoing." (citations omitted)); see also Benjamin v. Comm'r New York Dep't of Corr. Servs., No. Civ. 02-1703 (NRB), 2007 WL 2319126, at *8 (S.D.N.Y. Aug. 10, 2007) (granting summary judgment on objective prong where plaintiff failed to rebut defendants' medical conclusions that the alleged ETS exposure did not contribute to plaintiff's respiratory conditions); Johnson v. Goord, No. Civ. 01-9587 (PKC), 2005 WL 2811776, at *6 (S.D.N.Y. Oct. 27, 2005) ("Summary judgment is appropriate where defendants present expert medical opinions as to the lack of a medical condition sufficiently serious to implicate the Eighth Amendment but plaintiffs fail to rebut them").  Moreover, Lucas has failed to demonstrate that his alleged exposure presents any threat to his future health.

In fact, Lucas' chest x-rays between April 23, 2004 and January 19, 2006 fail to show any significant change in his original diagnosis of slight chronic obstructive pulmonary disease and old granulomatous disease.  See Docket No. 63, Ex. A ("X-Rays").  Thus, Lucas has failed to present any evidence that (1) he was: exposed to unreasonably high levels of ETS, (2) there is a strong likelihood that his asthma attacks were a result of

exposure to unreasonably high levels of ETS, or (3) he was at risk of future harm that would be caused by exposure to ETS.

Therefore, it is recommended that defendants' motion on this ground be granted.[5]

### C. Sovereign Immunity

Defendants contend that Lucas' Bivens claim against the U.S. Bureau of Prisons and Ray Brook Federal Correctional Institution is barred by sovereign immunity.  It is well-established that a Bivens action may be asserted only against federal officials in their individual capacities and may not be asserted against governmental entities.  See Pimentel v. Deboo, 411 F. Supp. 2d 118, 125-26 (D. Conn. 2006); see also F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994).  Thus, defendants' motion for summary judgment is granted as to all claims against the BOP and Ray Brook.

### D. Retaliation

Liberally construed, Lucas' amended complaint alleges that defendants transferred him in retaliation for filing the instant action and various grievances.  See Am. Compl. at ¶¶ 61-62.

---

[5] Because Lucas has failed to establish any genuine issues of material fact as to the objective element of the alleged Eighth Amendment violation, it is unnecessary to address the subjective element.  See Gill v. Bracey, No. Civ. 99-10429 (LMM), 2001 WL 34045758, at *4 (S.D.N.Y. July 17, 2001) ("Because proof of both the objective and subjective elements is required to establish an Eighth Amendment violation, plaintiff's inability to prove one of the elements dictates the failure of the entire claim." (citing Helling, 509 U.S. at 34)); see also Johnson, 2005 WL 2811776, at *7.

To prevail on a retaliation claim, a plaintiff must first assert that his conduct was constitutionally protected and that this conduct was a "substantial factor" that caused the adverse action against plaintiff.  Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977).  The burden then shifts to the defendant to show that by a preponderance of the evidence, the adverse action would have resulted even in the absence of the protected conduct.  Id.; see also Dawes v. Walker, 239 F.3d 489, 492 (2d. Cir. 2001), overruled on other grounds, Swierkiewicz v. Sorema, 534 U.S. 506 (2002).  Retaliation claims are actionable because the conduct may tend to chill an individual's exercise of constitutional rights. Dawes, 239 F.3d at 491.  However, courts must view retaliation claims with care and skepticism to avoid judicial intrusion into prison administration matters. Id.

Here, Lucas' filing of grievances and this lawsuit were clearly assertions of a constitutional right protected by the First Amendment.  See Graham v. Henderson, 89 F.3d 75, 80 (2d Cir. 1996).  Lucas claims that the adverse action which resulted from this conduct was being transferred to a different correctional facility.  To constitute adverse action, a plaintiff must establish that the action would deter a similarly situated individual from exercising his or her constitutional rights. Dawes, 239 F.3d at 491.  It is reasonably possible that other inmates would fail to exercise their constitutional right to file grievances or lawsuits for fear that they would be transferred to a different prison.  However, beyond conclusory allegations, Lucas has failed to offer any evidence to suggest that this conduct was a substantial factor in his being transferred to another facility.  Thus, Lucas has failed to raise a material issue of fact as to his retaliation claim.

Therefore, it is recommended that Lucas' retaliation claim be dismissed.

9

## V.  Conclusion[6]

_____For the reasons stated above, it is hereby

**RECOMMENDED** that defendants' motion for summary judgment (Docket No. 63) be

**GRANTED** as to all claims and all defendants.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the

foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO**

**OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE**

**REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892

F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


Dated:  November 7, 2007                    _David R. Homer_
        Albany, New York              _____
                                      United States Magistrate Judge

---

[6]   Defendants also contend that Lucas failed to demonstrate the personal involvement of defendants Sepanec, Fink, Hurley, Sawyer, and Sadowski.  See Defs. Mem. of Law (Docket No. 63) at 21-23.  However, it is recommended herein that defendants' motion should be granted as to all of Lucas' claims on other grounds.  Thus, this argument need not be addressed.