UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RANDALL E. LUCAS,

                  Plaintiff,

            v.                                9:03-CV-1296
                                            (FJS/DRH)

U.S. BUREAU OF PRISONS, KATHLEEN
H. SAWYER, Director of BOP; M. E. RAY,
Northeast Regional Director; HENRY J.
SADOWSKI, Regional General Counsel;
M. NALLEY, Warden, F.C.I. Ray Brook;
W. A. SHERRED, Assistant Warden;
CLAUDE CHESTER, Warden of Operations;
HEAD OF SAFETY FINK; CONNIE COPELAND,
Unit Manager; J. HURLEY, Case Manager; H.
SMITH, Unit Counselor; CAPTAIN SEPANEC;
C.O. LATULLUP, Correctional Officer; and
HARRELL WATTS, Administrator, National
Inmate Appeals,

                  Defendants.

---

**APPEARANCES**                                 **OF COUNSEL**

**RANDALL E. LUCAS**
**42015-061**
FCI Milan
Box 1000
Milan, Michigan 48160
Plaintiff *pro se*

**OFFICE OF THE UNITED**                 **CHARLES E. ROBERTS, AUSA**
**STATES ATTORNEY**
100 South Clinton Street
Syracuse, New York 13261-7198
Attorneys for Defendants

**SCULLIN, Senior Judge**

**ORDER**

Plaintiff, an inmate in the custody of the United States Bureau of Prisons ("BOP"), filed this action under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that Defendants violated his rights under the Fifth and Eighth Amendments to the United States Constitution.  *See, generally*, Third Amended Complaint.

Defendants filed a motion for summary judgment to which Plaintiff did not respond, although the Court granted him an extension of time in which to do so.  Magistrate Judge Homer issued a Report-Recommendation and Order, in which he recommended that this Court grant Defendants' motion.  *See, generally*, Report-Recommendation and Order dated November 7, 2007.

Plaintiff did not file any objections to Magistrate Judge Homer's recommendation.  However, he did file a letter motion requesting voluntary dismissal of this action without prejudice, *see* Dkt. No. 72, to which Defendants objected, *see* Dkt. No. 73.  In a Memorandum-Decision and Order dated November 21, 2007, this Court denied Plaintiff's request but granted him additional time – until December 12, 2007 – in which to file his objections to Magistrate Judge Homer's Report-Recommendation and Order .  *See* Dkt. No. 74.[1]

In a letter dated November 28, 2007, Plaintiff asked the Court to understand that he was "un-learned of the law . . . ."  *See* Dkt. No. 75.  Plaintiff also informed the Court that he would

---

[1] In its November 21, 2007 Memorandum-Decision and Order, the Court noted that, on August 2, 2006, Plaintiff had filed a motion for appointment of counsel or, in the alternative, for voluntary dismissal of this action.  *See* Dkt. No. 74 (citing Dkt. No. 68).  The Court had denied that motion and had also noted that, because it was not inclined to grant Plaintiff's alternative request to dismiss this action without prejudice, it would provide him with an opportunity to withdraw that request before deciding whether to dismiss his third amended complaint with prejudice.  *See id.* at 3 (citing [Dkt. No. 68] at 3-4 (footnote omitted)).

agree to dismiss the action with prejudice "under the stipulation that the BOP or any of the Defendants or U.S. Attorneys do not attempt to harass the Plaintiff in any way as to his actions as to this claim."  *See id.*  Finally, he stated that "[a]ny action taken in retaliation will be considered a violation of this agreement and a Tort claim will be filed by the Plaintiff for damages of up to $20,000.00."  *See id.*  The Court denied Plaintiff's "conditional" request.  *See id.*

Finally, in a letter dated December 11, 2007, Plaintiff informed the Court "that he is incompetent and that he can not properly argue this case Pro Se . . . [and] that he only has an [sic] G.E.D., he has 'NO' Pro Se assistance/legal assistance whatsoever."  *See* Dkt. No. 76 at 1.  Plaintiff also stated that "he did have Pro Se assistance from February 2004, up until May 2007, which was provided by a[] [fellow] inmate . . . [who] went to SHU and left the institution (F.C.I. Milan) on August 15, 2007, with all of the Plaintiffs [sic] Civil Paperwork, motions, notes, letters, respond's [sic] etc. . . ."  *See id.*  Therefore, Plaintiff argued that he could not respond to Defendants' motion for summary judgment because he only had his court documents from May 2007 until the present.  *See id.* at 1-2.

The fact that Plaintiff has filed several letter motions seeking various forms of relief belies his claim that he is unable to respond to Defendants' motion or to object to Magistrate Judge Homer's recommendation.  Moreover, Defendants filed their motion for summary judgment on June 23, 2006, at a time when Plaintiff acknowledges that he had *pro se* assistance.  Moreover, in an effort to assist Plaintiff, the Court extended his time to respond to Defendants' motion on more than one occasion – the last extension affording Plaintiff until April 16, 2007, to

-3-

respond.[2] During all of this time, according to his own letter, Plaintiff had *pro se* assistance. Rather than file papers in opposition to Defendants' motion, however, Plaintiff chose to ask for alternative relief, including the voluntary dismissal of this action. Finally, the Court notes that, in his latest letter, Plaintiff only requests that the Court take his lack of legal education and lack of *pro se* assistance into account. *See* Dkt. No. 76 at 1-2.

Having reviewed the entire file in this matter, including Magistrate Judge Homer's Report-Recommendation and Order, the lack of objections thereto, and the relevant law, as well as Plaintiff's request that the Court consider his lack of education and lack of *pro se* assistance, the Court hereby

**ORDERS** that Magistrate Judge Homer's November 7, 2007 Report-Recommendation and Order is **ADOPTED IN ITS ENTIRETY**; and the Court further

**ORDERS** that Defendants' motion for summary judgment is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants and close this case.

**IT IS SO ORDERED.**

Dated: January 14, 2008
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge

---

[2] As noted, the Court also granted Plaintiff an extension of time in which to file his objections to Magistrate Judge Homer's November 7, 2007 Report-Recommendation and Order.